**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA**


**v.**                                                **24-CR-15 (AMN)**

**JACOB BOLDT,**

                              **Defendant.**
_____


**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Now comes the Defendant, JACOB BOLDT, by and through counsel, Mark J. Sacco, Esq. and respectfully submits this Memorandum in Aid of Sentencing.

**Procedural History and Facts**

On March 19, 2024, the defendant pled guilty to counts one and two of the information charging him with Dealing Firearms Without a License and Possession of a Firearm by a Prohibited Person.  The defendant was released on conditions and completed a drug treatment program.  He subsequently relapsed and his release was revoked.  The defendant has a long history of substance abuse that began when he witnessed his father die during an ice fishing outing.

**Pre Sentence Investigation Report**

The Pre-Sentence Investigation Report, calculated the advisory guideline total offense level of 21 with a criminal history category of IV.  The correlating sentencing guideline range is 57 – 71 months. The report appears accurate.  The defendant will argue for a sentence of time served with a period of probation.

1

**Analytical Framework**

As the Court is undoubtedly aware, the Guidelines are no longer mandatory.  The Supreme Court has explained that, as a necessary corollary to the constitutional proscription on treating the Guidelines as mandatory, sentencing courts "may not presume that the Guidelines range is reasonable." *Gall v. United States,* 128 S.Ct. at 596-97; *see Rita v. United States,* 127 S.Ct. at 2465 (noting that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply").

As the Second Circuit noted in *United States v. Jones,* 531 F.3d 163, 170 (2nd Cir 2008): "In short, while a sentencing court is statutorily obligated to give fair consideration to the Guidelines before imposing sentence, [citation omitted] in the end, it must make an "individualized assessment" of the sentence warranted by § 3553(a) based on the facts presented." It is undisputable that the Supreme Court has clearly signaled that district courts enjoy considerable discretion in identifying the grounds that can justify a non-Guidelines sentence.  Indeed, even well before *Booker* and its progeny, Courts were free to consider an array of factors when imposing a sentence.  *See, e.g.* 18 U.S.C. §3661, which states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the  United States may receive and consider for the purpose of imposing an appropriate  sentence."

We ask the Court to consider the following factors and analysis and fashion an individualized sentence based upon the facts and circumstances of the within case.

**Personal Background**

Mr. Boldt is a thirty-five year-old young man with a severe history of substance abuse and likely post-traumatic stress disorder.  At age twelve (12) his witnessed his father crash through the

ice during an ice fishing trip and die as a result.  The events have led to a life-time of substance abuse.  Mr. Boldt has attempted to treat his addiction in the past and has made progress. Unfortunately, heroin is a difficult drug to overcome and he has not been successful.  Mr. Boldt's criminal history, including the present offense, are directly related his addiction.  Like so many criminal offenses, the unending need to feed addiction causes individuals to steal and commit criminal offenses to get money for the purchase of drugs.  This is what Mr. Boldt was doing.  His addiction overpowered his judgment and he decided to sell illegal guns in order to get money to purchase heroin.  For Mr. Boldt, the solution to his criminal conduct is to eliminate the addiction.

He has shown in the past that he can hold employment and can be a law-abiding citizen. Under a sentence of time-served and restrictive probation, Mr. Boldt would get the treatment he needs and this would allow for his rehabilitation.

## Medical/Psychological Issues

The Presentence Investigation Report accurately reflects her medical and psychological conditions.

## Criminal History

The criminal history calculations is accurately reflected in the Presentence Investigation Report.

## Sentencing Considerations

### 18 U.S.C. §3553(a)

It is respectfully requested that the Court consider, along with the United States Sentencing Guidelines, the factors delineated in 18 U.S.C. §3553(a).

As a result of *Booker* and its progeny, no longer are courts *required* to impose a sentence "within the range" as provided for in the United States Sentencing Guidelines and as previously

required by 18 U.S.C. §3553(b)(1).  Courts may now take into consideration the myriad of sentencing factor historically considered under 18 U.S.C. §3553.

In light of the rendering of the federal sentencing guidelines advisory, this individualized sense of fairness and justice is the key component to any sentencing. The discretion for the imposition of mercy, restored by *Blakely, Booker*, and *Rita,* is indeed a legitimate sentencing consideration.

The following is our firm's and the defendant's suggestions and recommendations addressing the sentencing factors the Court is now required to consider:

**A. <u>Parsimony Provision</u>**

Initially, we would like to stress the importance of the parsimony provision of the 18 U.S.C. §3553.  That provision provides that "The court **shall** impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. (Emphasis added).  Thus, the defense posits that the Court is statutorily bound **not** to impose a sentence greater than what would be necessary to comply with the relevant sentencing provisions discussed below. Indeed, in *United States v. Castillo,* 460 F.3d 337, 354 (2d Cir.2006) the court reasoned that the parsimony provision of 18 U.S.C. §3553 required the court to impose a sentence "sufficient, but not greater than necessary" to comply with the objectives of sentencing as enumerated in 18 U.S.C. §3553.  See also, *United States v. Ministro-Tapia* 470 F.3d 137 (2nd Cir.2006.)

The Honorable Jack Weinstein of the United States District Court for the Eastern District of New York wrote: "A key provision [of sentencing] embodies the concept of "parsimony," a principle of the American Bar Association Standards for Criminal Justice. *See* American Bar Association, Standards For Criminal Justice, Chapter 18, "Sentencing Alternatives and Procedures", 18- 3.2(iii) ("Parsimony in the use of punishment is favored. The sentence imposed should therefore be the least

severe sanction necessary to achieve the purposes for which it is imposed ...") (1993).  "The Court

will not interpret a federal criminal statute so as to increase the penalty ... when such an

interpretation can be based on no more than a guess as to what Congress intended." *United States v.*

*Abbadessa*, 848 F.Supp.369, 378 (E.D.N.Y.1994). *See, also United States v. Granderson,* 511 U.S.

39,114 S.Ct. 1259, 127 L.Ed.2d 611 (1994).  We posit that 3553(a) adopts a principal of "leniency"

whereby a sentence should be sufficient but not greater than necessary to comply with the purposes

set forth in paragraph 2 of the same subsection. Those purposes are (1) just punishment or retribution

and promotion of respect for the law, which the *Chaney* court called community condemnation or

reaffirmation of community norms; (2) adequate deterrence from criminal conduct, presumably both

special deterrence aimed at the sentenced prisoner himself and general deterrence aimed at those in

the class of potential violators of the same statute; (3) protection of the public, which could be

redundant of deterrence but in context probably means by isolation, which in other discussions is

called incapacitation; and (4) rehabilitation." *U.S. v. Sart*, 29 F.Supp.2d 592 (D.Alaska,1998),

*reversed on other grounds.*; *See also, U.S. v. Phelps*, 366 F.Supp.2d 580, (E.D.TN 2005.)

    **B.**    **Sentencing Policy as provided in 18 U.S.C. §3553(2) (A-D)**

It is unquestioned that post-*Booker* analysis requires a court to not only consider the United

States Sentencing Guidelines, but to consider sentencing policy as outlined in 18 U.S.C. § 3553. The

remedial *Booker* majority held that District Courts must still consider the guideline range, 18 U.S.C.

§ 3553(a)(4) and (5), but must also consider the other directives set forth in § 3553(a).  Section

3553(a)(2) states that such purposes are:

> (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)    to afford adequate deterrence to criminal conduct;
> (C)    to protect the public from further crimes of the defendant; and
> (D)    to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner.

Indisputably, prior to *Booker* courts were often prohibited from considering many of these factors absent an extraordinary---and often impossible demonstration--- that the facts and circumstances of their cases removed them from the "heartland" of the Guidelines. See, e.g. *Koon v. United States*, 116 S.Ct 2035 (1996).  Quite often the required analysis prohibited courts from considering many of the policies and considerations behind our penal system, sentencing policy and the individual circumstances of the crime itself. To be sure, courts were often obligated to impose a sentence of imprisonment regardless of the facts and circumstance. *See, e.g.*  U.S.S.G. § 5C1.1 (describing limited circumstances in which a court can impose sentence other than imprisonment.) Freed of the mandatory application of the Guidelines, courts can and indeed *should* look at many of the others factors involved in imposing a just and meaningful sentence.  As discussed below, this case suggests the imposition of a sentence of imprisonment time served with a period of supervision.

**Seriousness of the Offense**

Any sentence with a prison sentence with a period of supervision is reflective of the seriousness of the offense.

**Deterrence**

Any sentence of imprisonment with a period of supervision will have a deterrent effect.

**Protection of the Public**

The public will be protected by any sentence of imprisonment and supervision.

**Rehabilitation**

The defendant will be provided with a significant opportunity to rehabilitate herself during a any sentence of imprisonment and supervision.

6

**CONCLUSION**

For the reasons stated above, I respectfully requests that the Court sentence the defendant to time served with a period of supervision.  The defendant is in desperate need of treatment for a heroin addiction and his criminal conduct will be curbed if he gets that treatment.

Dated: September 6, 2024

Respectfully submitted,

/s/ Mark J. Sacco
Mark J. Sacco, Esq.
Attorney for Defendant
75 Woodlawn Avenue
Saratoga Springs, New York