IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:24-CR-15 (AMN) |
| | ) | |
| v. | ) | Government's Sentencing Memorandum |
| | ) | |
| **JACOB BOLDT** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant to a sentence within the Sentencing Guidelines and the agreed-upon forfeiture of a firearm. The Government respectfully submits that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553 where the defendant—a man prohibited from possessing firearms due to his felony conviction and active drug addiction—acted as an unlicensed firearms dealer.

I.   INTRODUCTION

The Defendant engaged in a Facebook conversation with a ghost gun manufacturer, where the Defendant explained he has "so many criminal connections that want exactly what [the manufacturer] made for [the defendant]," that ghost guns "should cost more and [the Defendant] plan[s] on charging more th[a]n a legal" firearm because "people who want a ghost gun want it for the fact that their untraceable which in my mind is going to cost you more," and most buyers of ghost guns cannot lawfully by a firearm. Presentence Investigation Report (ECF 35) ("PSIR") ¶2(c). The Defendant wrote that he wanted to start 3D printing his own ghost guns. PSIR ¶20. The Defendant sold a .300 Blackout AR-style semiautomatic rifle capable of accepting a large capacity magazine that he purchased from the ghost gun manufacturer. PSIR ¶2(h). Police

recovered a Mossberg 590 shotgun from the Defendant's bedroom that the Defendant boasted he got from an addict who will "steal anything not bolted down [and] sell it for" drugs.  PSIR ¶2(i)–(j).

The Defendant is scheduled to be sentenced on September 24, 2024.

II.     **APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

    a.  **Statutory Maximum Penalties**

        i.  **Count 1**

*Maximum term of imprisonment*:  5 years

        ii.  **Count 2**

*Maximum term of imprisonment*:  15 years

        iii.  **Both Counts**

*Maximum fine*: $250,000.

*Supervised release term*:  not more than 3 years

    b.  **Guidelines Provisions**

        i.  **Offense Level**

The United States adopts the calculation set forth in the PSIR, including the Base Offense level, reductions, and conclusion that <u>the Adjusted Offense Level is 21</u>.  *See* PSIR ¶¶37–50.

        ii.  **Criminal History Category**

The PSIR properly calculated the Defendant's criminal history and correctly concluded that the <u>Defendant's Criminal History Category is IV</u>.  PSIR ¶¶55–62.

        iii.  **Guidelines Range and Sentence**

The Sentencing Guidelines advise that the Defendant—with an Adjusted Offense Level of 21 and a Criminal History Category of IV—receive a sentence of <u>57 to 71 months incarceration,</u>

three years of supervised release, and a fine of between $20,000 and $1,000,000.[1]  U.S.S.G. ch. 5, pt. A (Sentencing Table); U.S.S.G. §§5D1.2(c) and 5E1.2(c)(3), (4).

### III.   GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the United States respectfully requests that the Court impose a sentence within the Guidelines and the agreed-upon forfeiture of the firearm.  This recommended sentence is sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

#### a.  The Nature, Circumstances, and Seriousness of the Offense

The Defendant—who has a felony burglary conviction—sold untraceable ghost guns.  He identified criminals who could not lawfully by a gun as the best potential customers.  And he possessed a shotgun that he knew was stolen.  Therefore, his crimes are very serious.

#### b.  The History and Characteristics of the Defendant.

The Defendant is a 35-year-old man with five criminal convictions.  PSIR ¶¶55–59.  His substance abuse history spans two decades.  PSIR ¶¶72–73.  Further, he witnessed his father's accidental death, and lost a brother to drugs.  PSIR ¶67.

#### c.  Respect for the Law, Just Punishment, and Deterrence

A Guidelines sentence would promote respect for the law and justly punish the Defendant.  Although the Guidelines are no longer mandatory, the Second Circuit has instructed district courts to consider them "faithfully" when sentencing.  *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir. 2005).  "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'"  *Kimbrough v. United States*,

---

[1] The Government agrees with the Probation Department's determination (PSIR ¶80) that the Defendant is unable to pay a fine.

3

552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (explaining that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

This is a heartland gun case in which a Guideline sentence would be appropriate. Sentencing the defendant beneath the Guideline minimum would diminish respect for the law and fail to adequately punish the defendant's serious conduct, which endangered the community by providing firearms to individuals outside of the normal process designed to ensure that dangerous individuals do not obtain firearms.

## IV. CONCLUSION

The Court should sentence the Defendant within the Guidelines and order the agreed-upon forfeiture of a firearm.[2]

Respectfully submitted,

CARLA B. FREEDMAN
United States Attorney

By:   */s/ Jonathan S. Reiner*
Jonathan S. Reiner
Assistant United States Attorney
Bar Roll No. 702645

---

[2] The United States reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(h), (i)(1)(c). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

## CERTIFICATE OF SERVICE

I hereby certify on June 3, 2024, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the Defendant.

                                                 */s/ Jonathan S. Reiner*
                                                 Jonathan S. Reiner
                                                 Assistant United States Attorney
                                                 Bar Roll No. 702645